JS-6

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ALLIEDWALLET, INC., ET AL.,<br><br>Defendants. | Case No. 2:19-cv-04355-SVW-E<br><br>**ORDER:**<br>**(1) APPROVING FINAL REPORT AND ACCOUNTING;**<br>**(2) APPROVING NUNC PRO TUNC EMPLOYMENT OF ACCOUNTANT;**<br>**(3) APPROVING COMPENSATION OF RECEIVER AND PROFESSIONALS;**<br>**(4) AUTHORIZING SUBMISSION OF APPROPRIATE TAX RETURNS;**<br>**(5) AUTHORIZING DISTRIBUTION TO FEDERAL TRADE COMMISSION; AND**<br>**(6) CLOSING RECEIVERSHIP CASE, DISCHARGING RECEIVER AND RETAINING JURISDICTION** |

Stephen J. Donell, the Court-appointed liquidating receiver (the "Receiver"), on March 18, 2020, filed a motion for an order: (1) approving final report and accounting; (2) approving *nunc pro tunc* employment of accountant, SL Biggs; (3) approving compensation of receiver and professionals; (4) authorizing submission of appropriate tax returns; (5) authorizing distribution to Federal Trade Commission; (6) closing receivership case; (7) ratifying the Receiver's action; (8) discharging the Receiver; (9) barring all future claims against Receiver, Receiver's employees, attorneys, agents, and the receivership estate; (10) retaining jurisdiction; and (11) authorizing and instructing the Receiver to complete the outstanding wind-down and closing tasks, and thereafter closing the instant receivership case and discharging and releasing the Receiver, without further order of the Court, effective upon receipt of a Notice or Declaration from the Receiver reflecting the completion of the foregoing tasks ("Motion").

Having considered the Motion and the pleadings and papers filed in support thereof, the Court GRANTS the Motion.

IT IS ORDERED that:

1. The Receiver's Final Report and Accounting attached as Exhibit "1" to the Motion is approved;

2. The Receiver's actions during this receivership case are ratified;

3. The Receiver is authorized to employ SL Biggs, a division of Singer Lewak, *nunc pro tunc* to January 4, 2020;

4. The Receiver is authorized to pay the fees and expenses of the Receiver and his professions as follows:

   a. The Receiver: Fees of $73,507.05 and expenses of $753.05 incurred through February 13, 2020 for a total of $74,260.10;

   b. Diamond McCarthy LLP: Fees of $99,675.00 and expenses of $863.56 incurred through February 29, 2020 for a total of $100,538.56; and

   c. SL Biggs, a division of Singer Lewak: Fees of $4,831.50.

5.   The Receiver is authorized to retain a reserve of $9,000 from which he is authorized to pay actual fees and expenses of the Receiver and his professionals in closing out the case;

6.   The Receiver is authorized, by and through his tax accountant, to submit final tax returns for the receivership entities;

7.   The Receiver is authorized to distribute the remaining cash on hand following payment of all administrative and priority tax claims to the Federal Trade Commission;

8.   Once the Receiver has completed the closing tasks set forth in the Motion, the Court shall close the receivership case and discharge and release the Receiver, effective immediately upon the Receiver's submission of a Notice or Declaration to the Court regarding his completion of these final closing tasks, including his recommended distribution to the FTC;

9.   Any and all claims against the Receiver, Receiver's employees, attorneys, agents, and the receivership estate not previously asserted are hereby barred; and

10.   This Court will retain exclusive jurisdiction over any and all claims that may be asserted against the Receiver and the Receiver's professionals and employees for their respective services, and all issues that were a part of the subject matter of the receivership estate.

Dated:  May 13, 2020

_____
STEPHEN V. WILSON
United States District Judge